IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01876-WJM-KLM

LEATHEM STEARN, and
UTE MESA LOT 1, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for United Western Bank,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Partial Stay of Proceedings** [Docket No. 27; Filed February 14, 2012] (the "Motion"). On March 9, 2012, Plaintiffs filed a Response [#29]. On March 13, 2012, Defendant filed a Reply [#30]. The Motion is ripe for review.

In its Motion, Defendant seeks a Court Order staying all proceedings in this matter other than resolution of Defendant's pending Motion to Dismiss [#12]. *See Motion* [#27] at 7. In their Response, Plaintiffs argue that a stay, if any, should be a total stay and should be premised not on resolution of Defendant's Motion to Dismiss but, rather, on resolution of a federal lawsuit pending in the District of Columbia (the "D.C. Action"),[1] which is determining "whether the FDIC properly took over United Western Bank." *Response*

---

[1] *United Western Bank v. Office of the Comptroller of the Currency*, No. 11-cv-00408-ABJ (D.D.C. filed Feb. 18, 2011).

[#29] at 2. In its Reply, Defendant suggests that, because Plaintiffs seek a total stay based on the outcome of the D.C. Action, the case should instead be administratively closed pursuant to D.C.COLO.LCivR 41.2. *See Reply* [#30] at 1.

Local Rule 41.2 provides that the Court "may direct the clerk to close a civil action administratively subject to reopening for good cause." In support of its argument to administratively close this case, Defendant cites to *Dewey v. Lauer*, No. 08-cv-01734-WYD-KLM, 2009 WL 3234276 (D. Colo. Sept. 30, 2009). There, the District Judge stated:

> [R]ather than staying the case for the extensive period of time that the parties' action in state court may take, I will administratively close the case pursuant to D.C.COLO.LCivR 41.2. *See Quinn v. CGR*, 828 F.2d 1463, 1465 & n.2 (10th Cir. 1987) (construing administrative closure as the practical equivalent of a stay). The case may be reopened for good cause shown, which shall include any further court proceedings the parties deem necessary after the resolution of the state case.

*Id.* at *6. The circumstances of the instant case are equivalent to those in *Dewey*. Accordingly,

The Court **RECOMMENDS** that the Motion [#27] be **DENIED** and that, in lieu of a stay, the case be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, to be reopened for good cause shown.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 15, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge